UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

    Plaintiff,

vs.

GWENDOLYN WASHINGTON

    Defendant.
_____/

Case Nos. 10-20202; 11-20248; 11-20469

HON. MARK A. GOLDSMITH

## ORDER DENYING MOTIONS TO TERMINATE SUPERVISED RELEASE (Case No. 10-20202, Dkt. 220; Case No. 11-20248, Dkt. 108; Case No. 11-20469, Dkt. 29 )

Defendant Gwendolyn Washington has filed motions for early termination of supervised release in her three criminal cases (Case No. 10-20202, Dkt. 220; Case No. 11-20248, Dkt. 108; Case No. 11-20469, Dkt. 29). For the reasons stated below, this petition is denied.

### I. BACKGROUND

Defendant was simultaneously sentenced in three criminal cases. In case number 10-20202, Defendant pleaded guilty to Conspiracy to Obtain by Fraud and to Unlawfully Convert to the Use of Any Person Property of Detroit Public Schools Valued at $5,000.00 or More, 18 U.S.C. §§ 666(a)(1)A and 371. 10-20202 Judgment (Case No. 10-20202, Dkt. 176). In case number 11-20248, Defendant pleaded guilty to Conspiracy to Possess with Intent to Distribute and to Distribute a Controlled Substance, 21 U.S.C. § 846, and to Distribution of a Controlled Substance and Aiding and Abetting, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. 11-20248 Judgment (Case No. 11-20248, Dkt. 45). In case number 11-20469, Defendant pleaded guilty to Health Care Fraud, 18 U.S.C. § 1347, and Soliciting and Receiving Payment in Violation of the Health Care Anti-

Kickback Statute, 42 USC §§ 1320(a)-7B(6)(1)(A). 11-20469 Judgment (Case No. 11-20469, Dkt. 8).

In case number 11-20248, Defendant was sentenced to a total of 120 months' imprisonment, to run concurrently with lesser terms in the other cases, and to 36 months of supervised release, to run concurrently with equivalent terms in each of the other two cases. See 11-20248 Judgment; 11-20469 Judgment; 10-20202 Judgment; see also Sentencing Tr. (Case No. 10-20202, Dkt. 192). In case number 11-20469, the sentence included a $200 assessment and $5,465,605.22 in restitution. 11-20469 Judgment. In case number 10-20202, the sentence included a $100 assessment and $3,222,000 in restitution. 10-20202 Judgment.

Defendant filed motions to vacate the sentence under 28 U.S.C. § 2255 (Case No. 10-20202, Dkt. 181; Case No. 11-20248, Dkt. 48; Case No. 11-20469, Dkt. 12). These motions were rejected. See Consolidated Report and Recommendation (Case No. 10-20202, Dkt. 205; Case No. 11-20248, Dkt. 67; Case No. 11-20469, 18); Opinion Adopting Report and Recommendation (Case No. 10-20202, Dkt. 214; Case No. 11-20248, Dkt. 75; Case No. 11-20469, Dkt. 24)

All three cases were reassigned to United States District Judge Paul Borman (the sentencing judge) shortly after being filed. Judgement was entered by Judge Borman on November 30, 2011. In March 2014, the cases were reassigned to United States District Judge John Corbett O'Meara. They were then reassigned to the undersigned district judge on September 2, 2020 (Case No. 10-20202, 9/2/2020 Text Only Order); January 10, 2020 (Case No. 11-20248, 1/10/2020 Text Only Order); and May 1, 2019 (Case No. 11-20469, 5/1/2019 Text Only Order).

The period of supervised release began on or about January 9, 2019. See Mot. (Case No. 10-20202, Dkt. 220); Resp. (Case No. 10-20202, Dkt. 223).

## II.  LEGAL STANDARD

After a defendant has served at least one year of supervised release, the court may terminate supervision.  18 U.S.C. § 3583(e)(1).  To determine whether early termination is appropriate, the Court must consider the sentencing factors of 18 U.S.C. § 3553(a)(1), (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  See 18 U.S.C. § 3583(e)(1).  The Court need not engage in a "ritualistic incantation" of the § 3553(a) factors, so long as its explanation permits meaningful appellate review.  United States v. Moon, 513 F.3d 527, 539 (6th Cir. 2008).  To terminate the term early, a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interests of justice.  See 18 U.S.C. § 3583(e)(1); United States v. Suber, 75 F. App'x 442, 444 (6th Cir. 2003).

## III.  ANALYSIS

In the instant motions, Defendant has not challenged the correctness of the sentence initially imposed or otherwise explained why analysis of the sentencing factors should result in the modification of that sentence.  Defendant was convicted of serious offenses.  She engaged in a conspiracy causing the Detroit Public School system to pay $3.3 million in grossly inflated and fraudulent invoices.  Consolidated Report and Recommendation at 2.  She used her status as a physician to write fraudulent prescriptions as part of a drug distribution conspiracy.  Id. at 3-5.  She ordered medically unnecessary and potentially harmful medical tests in exchange for kickbacks, endangering her patients and defrauding Medicare.  Id. at 5-6.  These offenses justified the sentence imposed, including the three years of supervised release.

Supervised release is an important component of sentencing, designed to assist individuals in their transition to community life.  United States v. Johnson, 529 U.S. 53, 59 (2000).  That goal would not be served by granting early termination here.  Because the sentencing factors supported

the sentence imposed, and because Defendant has failed to offer any argument concerning the "interest of justice factor," the Court concludes that justice would be served by Defendant completing her sentence, including the three years of supervised release.

Concerning Defendant's conduct, she argues that she has "fully complied" with the terms and conditions of her supervised release. Mot. at 1-2. The Government has not challenged this assertion, but argues that compliant behavior is an expectation—not an exception warranting early termination of supervised release. Resp. at 8-9 (citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1996); United States v. McKay, 352 F.Supp.2d 359, 360 (E.D.N.Y. 2005); United States v. Medina, 17 F.Supp.2d 245, 246 (S.D.N.Y. 1998)). The Court agrees. Defendant's compliance with the terms of her release is expected and does not warrant early termination. Defendant has presented no evidence of exceptional behavior.

## IV.  CONCLUSION

In sum, Defendant has failed to meet her burden of proving that early termination of supervised release is warranted by virtue of her conduct or the interest of justice, much less both. Accordingly, her motion is denied.

SO ORDERED.

Dated:  January 15, 2021　　　　　　　　　　s/Mark A. Goldsmith  
　　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 15, 2021.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky  
　　　　　　　　　　　　　　　　　　　　　　Case Manager